UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND (PROVIDENCE)

| IN RE:<br><br>Fernando Pires,<br>Debtor | |
|---|---|
| CitiMortgage, Inc.,<br><br>VS.<br><br>Fernando Pires | CHAPTER 13<br>CASE NO. 21-10902-DF |

**<u>MOTION FOR IN REM RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF</u>**

To the Honorable Diane Finkle:

CitiMortgage, Inc., your moving party in the within Motion, hereby requests that the Court grant in rem relief from the Automatic Stay imposed by 11 U.S.C. §362 and respectfully represents:

1.     The movant has a mailing address of 425 Phillips Blvd., Ewing, NJ 08618.

2.     The debtor has a mailing address of 28 Elder Street, Pawtucket, RI 02860.

3.      On December 14, 2021, the debtor filed a petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island.

4.      The Chapter 13 plan has not been confirmed.

5.     The movant is the holder of a first mortgage on real estate in the original amount of $169,083.00 given by Fernando Pires to Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial, LLC on or about January 20, 2009. Said mortgage is recorded with the Records of Land Evidence in the City of Pawtucket at Book 3098, Page 123 and covering the premises located at 28-30 Elder Street, Pawtucket, RI 02860.

6.     Said mortgage secures a note given by Fernando Pires to Sidus Financial, LLC in the original amount of $169,083.00.

7.     There is no other collateral securing the obligation.



1

8. Said mortgage was subject to the following assignments:

- Mortgage Electronic Registration Systems, Inc. to CitiMortgage, Inc., recorded on January 24, 2011, in Book No. 3336, at Page 36

A copy of said mortgage, note, and assignment have been attached hereto as Exhibit A.

9. As of January 5, 2022, approximately $398,985.72 in principal, interest, late fees and other charges was due with regard to CitiMortgage, Inc.'s note and mortgage.

10. According to the Chapter 13 Plan, the subject property is being retained and reorganization is dependent upon the debtor obtaining a consensual loan modification. The debtor is not eligible for loss mitigation options.

11. There are no other known encumbrances on the property.

12. The pre-petition arrearage is $256,710.05.

13. According to the debtor's schedules, the fair market value of the subject property is $183,000.00.

14. The debtor has no equity in the property.

15. No post-petition payments have been made.

16. This debtor has engaged in a practice of serial filings that constitute a scheme to delay, hinder, and defraud this creditor from exercising its state rights and remedies pursuant to the loan documents. The history of such filings is as follows:

a) 15-10212 Chapter 13 Filed on February 5, 2015 as Pro Se, dismissed on February 17, 2015 for failure to file information. A foreclosure sale was scheduled for February 5, 2015.

b) 15-11042 Chapter 13 Filed on May 18, 2015 and converted to a Chapter 7 on June 12, 2015. The case was discharged on September 8, 2015.

c) 16-11028 Chapter 13 Filed on June 10, 2016 as Pro Se, dismissed on June 20, 2016 for failure to file information. A foreclosure sale was set for June 10, 2016.

d) 16-11538 Chapter 7 Filed on September 6, 2016, dismissed on September 26, 2016 for failure to file information. A foreclosure sale was set for September 6, 2016. The case was re-opened on an emergency basis on December 5, 2016. A foreclosure sale was set for December 6, 2016.

CitiMortgage, Inc. was granted in rem relief on February 3, 2017. The case was dismissed without discharge on May 23, 2017.

e) 19-11482 Chapter 13 Filed on September 19, 2019 as Pro Se, dismissed on October 8, 2019 for failure to file information. A foreclosure sale was set for September 24, 2019.

f) 20-10060 Chapter 7 Filed on January 22, 2020, dismissed on February 3, 2020 for failure to file information. A foreclosure sale was set for January 23, 2020

g) 21-10902 December 14, 2021 current case. A foreclosure sale was set for December 15, 2021.

17. Movant seeks relief from stay IN REM as a secured creditor to enforce its rights under its loan documents and applicable law pursuant to 11 U.S.C. §362(d)(4) which states -

with respect to a stay of an act against real property ..., by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property. 11 U.S.C. § 362(d)(4).

18. Movant asserts that the debtor's multiple filings on the cusp of its then-scheduled foreclosure sales followed be the almost systematic dismissal of the resulting bankruptcy case evidences an attempt to delay, hinder, and defraud the Movant.

WHEREFORE, Movant seeks relief from stay IN REM pursuant to §362(d)(4)(B) as a secured creditor to enforce its rights under its loan documents and applicable law. The IN REM nature of this order creates an equitable servitude on the property and affords the movant the right to continue to exercise its rights without the necessity of filing for relief from the Automatic Stay in any subsequent bankruptcy filings to affect the premises. The serial filings in this matter warrant that the relief be granted IN REM.

Respectfully submitted,
CitiMortgage, Inc.,
By its Attorney

/s/ Joseph Dolben
Joseph Dolben
RI Bar Number 7916
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
ribk@harmonlaw.com

Dated: January 25, 2022

**Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND (PROVIDENCE)

| | |
|---|---|
| IN RE:<br><br>Fernando Pires,<br>Debtor | |
| CitiMortgage, Inc.,<br><br>VS.<br><br>Fernando Pires | CHAPTER 13<br>CASE NO. 21-10902-DF |

CERTIFICATE OF SERVICE

      I, Joseph Dolben, state that on January 25, 2022, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Rhode Island on behalf of CitiMortgage, Inc. using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Jack Pitts
John Boyajian
Gary L. Donahue

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Fernando Pires
28 Elder Street
Pawtucket, RI 02860

                                                     Respectfully submitted,
                                                     CitiMortgage, Inc.,
                                                     By its Attorney

                                                   /s/ Joseph Dolben
                                                   Joseph Dolben
                                                   RI Bar Number 7916
                                                   Harmon Law Offices, P.C.
                                                   PO Box 610389
                                                   Newton Highlands, MA 02461
                                                   (617)558-0500
                                                   ribk@harmonlaw.com

Dated: January 25, 2022